IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW HOEFING,

          Plaintiff,                              OPINION AND ORDER

                                                                                        16-cv-314-wmc

     v.

RALLY APPRAISAL, L.L.C.,

          Defendant.

---

In this civil action, plaintiff Matthew Hoefing seeks a declaratory judgment that an employment agreement with his former employer defendant Rally Appraisal, L.L.C. is void under Wisconsin state law. (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendant Rally Appraisal has removed this action pursuant to 28 U.S.C. §§ 1332 and 1441. (Not. of Removal (dkt. #1) ¶ 1.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, Rally Appraisal will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶¶ 11, 22, 23.) Defendant's allegations, however, as to its own citizenship prevent this court from determining if the latter requirement is met.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any defendant Rally Appraisal's members. Instead, defendant alleges it is "a limited liability company organized under Iowa law, with its principal place of business in West Des Moines, Iowa." (Not. of Removal (dkt. #1) ¶ 10.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, Rally Appraisal will be given leave to file and serve within 14 days an amended notice or removal which establishes subject matter jurisdiction by alleging the names and citizenship of each

member of its LLC. In alleging the LLC's citizenship, defendant should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) defendant Rally Appraisals, LLC shall have until May 27, 2016, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 13th day of May, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge